FILED
March 29, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TERRY LARANCE JACKSON, § <br> TDCJ No. 01904826, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN,[1] Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil No. SA-19-CA-0475-OLG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Terry Jackson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2) and supplemental memorandum in support (ECF No. 10), Respondent Bobby Lumpkin's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 21) thereto. Also before the Court is Petitioner's second supplemental memorandum in support (ECF No. 22). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In October 2013, a Bexar County jury found Petitioner guilty of the murder of Juan Ricardo Cuenca, Jr. Following a separate punishment proceeding, the trial court sentenced Petitioner to life imprisonment. *State v. Jackson*, No. 2012-CR-10320 (186th Dist. Ct., Bexar

---
[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

Cnty., Tex. Dec. 17, 2013) (ECF No. 15-12 at 64-65). The Texas Fourth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal. *Jackson v. State*, No. 04-13-00911-CR, 2015 WL 505103 (Tex. App.—San Antonio, Feb. 4, 2015, pet. ref'd); (ECF No. 15-2). The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review (PDR). *Jackson v. State*, No. 0191-16 (Tex. Crim. App. Apr. 27, 2016); (ECF No. 15-25). On July 21, 2017, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the TCCA eventually denied the application without written order on May 1, 2019, based on the findings of the trial court. *Ex parte Jackson*, No. 84,422-02 (Tex. Crim. App.); (ECF Nos. 15-26, 15-27 at 23).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on April 30, 2019. (ECF No. 2 at 10). In the petition and supplemental memorandum in support he later filed (ECF No. 10), Petitioner raises the same six allegations that were rejected by the TCCA during his state habeas proceedings:

(1) his trial counsel rendered ineffective assistance by failing to file a motion *in limine* to prevent the admittance of two knives into evidence.

(2) the prosecution committed misconduct by admitting the knives into evidence in a bag with the word "blood" written on it despite the fact that no blood had been found on the weapons.

(3) the trial court erred by not granting the defense a mistrial after evidence previously found inadmissible (a transcript of a jailhouse phone call) was shown to the jury.

(4) the prosecution committed misconduct by displaying the inadmissible transcript.

(5) the trial court erred by allowing the jailhouse phone call itself into evidence, which divulged to the jury that he was still in custody.

(6) his trial counsel rendered ineffective assistance by failing to object to the knives being admitted into evidence.

Petitioner also raises new allegations in the second supplemental memorandum (ECF No. 22) he filed on May 26, 2020:

(7) the prosecution committed misconduct by allowing the jury to see his criminal history, which was displayed on a projector outside the presence of the jury, when the jury returned from break.

(8) the trial record is incomplete because it does not contain this event and the objection that followed.

(9) trial counsel rendered ineffective assistance by failing to utilize a police report to establish his innocence.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief.  *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

**A.  Claims 1 and 6 are Without Merit.**

Petitioner's first and sixth allegations assert that his trial counsel was ineffective in representing him during the guilt/innocence phase of his trial.  Specifically, Petitioner contends trial counsel failed to:  (1) file a motion *in limine* to prevent the admittance of two knives into evidence, and (2) object when the State moved to admit the knives as evidence.   Both claims were raised and rejected during Petitioner's state habeas proceedings.  As discussed below, Petitioner fails to demonstrate the state habeas court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

      1.      The *Strickland* Standard

The Court reviews Sixth Amendment claims alleging ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*,

466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance

5

fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

    2.    <u>Analysis under *Strickland*</u>

In both IATC claims, Petitioner faults counsel for allowing the admission of two folding knives that were found in Petitioner's tow truck. (ECF No. 15-7 at 215). According to Petitioner, the State was attempting to imply that the knives were the murder weapons despite no evidence to support that conclusion. Petitioner contends counsel should have (1) filed a motion *in limine* to prevent the admittance of the knives, and (2) objected to the admission of the knives as irrelevant and overly prejudicial.

Petitioner raised these allegations during his state habeas proceedings. In response, trial counsel submitted an affidavit wherein he explained his reasons for not attempting to prevent the admission of the knives:

> With regard to not filing a motion in limine to prevent the admission of the knives into evidence, I did not believe that such a motion (or any other type of motion) would have succeeded in excluding those knives. Instead, I chose to address the knives based on the theory of spoliation of evidence.

(ECF No. 15-28 at 12). The state habeas trial court found trial counsel's affidavit credible and that Petitioner "failed to prove facts that would support [his] claim that his attorney performed deficiently," concluding that Petitioner failed to establish counsel was ineffective under *Strickland*. (ECF No. 15-29 at 33-34). These findings and conclusions were then adopted by the TCCA when it denied Petitioner's state habeas application. (ECF No. 15-26).

Petitioner fails to show that the state court's ruling was contrary to, or involved an unreasonable application of *Strickland*. Trial counsel generally have broad discretion when it

comes to deciding how best to proceed strategically, and such choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Strickland*, 466 U.S. at 673; *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client."). Moreover, counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

Here, trial counsel's affidavit—adopted by the state habeas court and ultimately by the TCCA—explained that he did not seek to prevent the admission of the knives because he did not believe such efforts would be successful. Instead, he made the strategic decision to address the knives based on the theory of spoliation of evidence. Other than speculating that the knives were "inadmissible," however, Petitioner has not shown that counsel's assessment was incorrect, much less demonstrated that state court's ruling on trial counsel's strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Furthermore, contrary to Petitioner's assertions, the record does not indicate that the State introduced the knives as evidence to imply they were the murder weapons. To the contrary, the State admitted during opening and closing argument that the knives were used to support testimony that Petitioner commonly had knives on him, not to imply that the knives were used in the murder. *See* ECF No. 15-6 at 27 ("We don't know if these are the knives that he used to stab [the victim] 15 times, but we do know that he did have knives."); ECF No. 15-8 at 70 ("Is this

the knife that did it? We don't know. You have a murder weapon, you get rid of it, right? You throw it in the river. We talked about that. So we don't know."). Thus, given that Petitioner has not demonstrated that the knives were inadmissible under Texas law or being used prejudicially to imply a murder weapon had been found, he cannot show that counsel's performance was deficient or that the state court's denial of his claims was unreasonable. Consequently, viewing the allegations under the "doubly" deferential review encompassed by *Strickland* and the AEDPA, Petitioner's claims cannot survive. *See Richter*, 562 U.S at 105.

**B.     Claims 2 through 5 are Procedurally Barred.**

In Petitioner's second and fourth claims for relief, he argues the prosecution committed misconduct by misleading the jury with mislabeled evidence (the knives) and for displaying inadmissible evidence (a transcript of a jailhouse phone call) for the jury to see. In his third and fifth claims for relief, Petitioner contends the trial court erred in denying a mistrial after the State displayed the transcript and for allowing the admission of the jailhouse phone call in the first place. Petitioner raised these allegations during his state habeas corpus proceedings. In rejecting these allegations, the state habeas trial court cited *Ex parte Webb*, 270 S.W.3d 108, 111-12 (Tex. Crim. App. 2008) and found the claims procedurally barred because Petitioner could have raised them on direct appeal. (ECF No. 15-29 at 38). The TCCA later adopted the state habeas trial court's findings and denied Petitioner's application. *Ex parte Jackson*, No. 84,422-02 (Tex. Crim. App.); (ECF No. 15-26). Based on this procedural history, Respondent contends Petitioner's allegations are subject to denial by this Court as procedurally defaulted.

Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *Canales v.*

*Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)).  The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts.  *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)).  This doctrine ensures that federal courts give proper respect to state procedural rules.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

In this case, the state habeas trial court's finding of procedural default constitutes "an adequate and independent state procedural rule" that bars federal habeas review.  *Davila*, 137 S. Ct. at 2064.  The state court determined Petitioner's allegations to be procedurally defaulted under *Webb*, 270 S.W.3d at 112, a case which cites *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) which in turn relies on *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998).  This rule from *Gardner*—which bars consideration of claims that could have been but were not raised on direct appeal— has repeatedly been held by the Fifth Circuit to constitute "an adequate state ground capable of barring federal habeas review."  *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)).

Consequently, Petitioner is precluded from federal habeas review unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider his claim will result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750-51; *Busby,* 359 F.3d at 718.  Petitioner does not make either showing.  Thus, circuit precedent compels the denial of Petitioner's second, third, fourth and fifth claims as procedurally defaulted.

## C.  Petitioner's New Claims Are Untimely.

Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Petitioner's judgment became final for limitations purposes on July 26, 2016, ninety days after the TCCA refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").  As a result, the limitations period under § 2244(d) for filing his federal habeas petition expired a year later on July 26, 2017.  Petitioner's state habeas application—filed the last day of the limitations period—then tolled the limitations period for 309 days, making his federal petition due on May 2, 2019.  *See* 28 U.S.C. § 2244(d)(2).

Petitioner's § 2254 Petition (ECF No. 2) was filed on April 30, 2019, just before the one-year limitations period expired.  However, Petitioner's seventh, eighth, and ninth claims for relief were raised for the first time in Petitioner's second supplemental memorandum in support filed May 26, 2020.  (ECF No. 22).  Because these claims were raised for the first time in federal court over a year after the limitations period expired, the claims are barred by the one-year statute of limitations unless they relate back to a timely-filed allegation or are subject to equitable tolling.

      1.      <u>Petitioner's new claims do not "relate back."</u>

Federal Rule of Civil Procedure 15(c)(2) instructs that an amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Whether an amended claim relates back to the date of an earlier filed pleading depends on whether that claim asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Only those claims in the amended pleading that are tied to a common core of operative facts as the claims in the original petition will relate back to the original petition and will be considered timely filed. *Id*. at 664.

Petitioner's new allegations claim that (1) the prosecution committed misconduct by allowing the jury to see his criminal history on an overhead projector, (2) the trial record is incomplete because it does not contain this event, and (3) trial counsel was ineffective by failing to utilize a police report to establish his innocence. While Petitioner did raise a somewhat similar prosecutorial misconduct claim in his original petition concerning something the prosecution left displayed on an overhead, the claims are not tied to a common core of operative facts. *Id*. at 664. Quite the opposite, Petitioner's original prosecutorial misconduct claim (Claim 4) complained only of the impermissible projection of a jailhouse phone call transcript at a different point in the trial and not the projection of his criminal history. Thus, Petitioner's new prosecutorial misconduct claim (and the related claim concerning the incomplete trial record) do not relate back to the petition and are therefore barred by the statute of limitations.

Similarly, Petitioner's new IATC claim differs from the original IATC claims (Claims 1, 6) asserted in his federal petition. Although they are all IATC claims, "[n]ew claims of

ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they rest on the same constitutional violation." *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).  Neither of Petitioner's original IATC claims involve counsel's failure to utilize police reports in order to establish his innocence.  *See* Section III(A), *supra*.  Thus, it appears Petitioner's new claim introduces a new legal theory on facts different from those underlying the original claims.  *See, e.g., Gonzalez*, 592 F.3d at 679 (IATC claim does not relate back to original petition when original IATC claims involve an "entirely distinct type of attorney misfeasance" from the claim asserted in the amended pleading) (citation omitted).  Because Petitioner's new IATC claim is completely unrelated to the IATC claims raised in the first petition, the new claim is barred by the statute of limitations.

    2.    <u>Equitable Tolling</u>

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  However, equitable tolling is only available in "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not demonstrated that he diligently pursued habeas relief on his new allegations during the limitations period.  Petitioner waited until the end of the limitations period to file his original federal habeas petition (ECF No. 2), and did not raise the instant claims until a year later when he filed his second supplemental memorandum (ECF No. 22).  Moreover, Petitioner fails to establish that any extraordinary circumstance prevented him from raising the

claims earlier. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation and citation omitted).  Petitioner makes no argument that either situation occurred.  Consequently, because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his seventh, eighth, and ninth claims for relief are untimely and barred by § 2244(d)(1).

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the Court concludes Petitioner has failed to establish that the state court's rejection of Petitioner's first and sixth allegation on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.  The Court also concludes that Petitioner's second through fifth allegations are procedurally barred from federal habeas corpus relief and that the remaining allegations raised by Petitioner in his second supplemental memorandum in support (ECF No. 22) are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Terry Jackson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3.  All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the __29th__ day of March, 2021.

 

_____
**ORLANDO L. GARCIA
Chief United States District Judge**